# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## OCTOBER TERM, 1920.

---

### BRYANT v. HORTON.

[86 South. 642. No. 21391.]

DISMISSAL AND NONSUIT. *Dismissal for failure to file declaration, in absence of opposing counsel and without notice, held erroneous.*
Where a case has been set for subsequent day of term, motion to dismiss should not be heard, in absence of opposing counsel, without notice.

APPEAL from circuit court of Jones county.

HON. R. S. HALL, Judge.

Replevin by J. M. Bryant against B. F. Horton. A judgment dismissing this suit was entered, reinstatement denied, and plaintiff appeals. Reversed and remanded.

No brief of counsel for either side found in the record.

*D. B. Cooley,* for appellant.

*T. Webber Wilson,* for appellee.

HOLDEN, J., delivered the opinion of the court.

The appellant, Bryant, instituted replevin for an automobile valued at five hundred dollars. The writ was returnable to the February term of the circuit court at Laurel. On the first day of the term the docket was sounded by the judge, and this case was set for trial on a later day of the term. When court opened on the second day, counsel for plaintiff and defendant being present, the judge reset all cases for days three weeks later. The judge then discharged the petit jurors and seems to have recessed for the noon hour. That afternoon Mr. Wilson, coun-

1

sel for the defendant, called the judge from his hotel to the courthouse, and in the clerk's office below the court-room Mr. Wilson made a motion to dismiss the case, because the plaintiff's declaration was not marked filed by the clerk. After hearing the motion it was sustained by the judge, and the suit of plaintiff was dismissed.

The attorney for the plaintiff, Mr. Cooley, was not notified of the hearing of the motion, and was not present when the motion was heard and the judgment of dismissal was rendered by the court. Mr. Cooley was living at Laurel, and had a law office within a few blocks of the courthouse. When Mr. Cooley heard of the action of the court in dismissing his case because the declaration had not been filed, he moved the court to reinstate the suit which motion was overruled, and he presents this appeal.

We here quote the statement made by Mr. Wilson, counsel for appellee, defendant below, as it appears in his brief, to wit:

"The next morning—just before noon of the second day of the court term—I went into the courtroom and looked for the papers, and the papers were not in the clerk's file. I then went to Mr. Cooley, counsel for appellant, and asked him if he knew where the papers were. He advised me that the papers were in his office, and I asked him if he would object to bringing them to the courthouse, as I wanted to see them, so that I might know what to do in regard to my client's case. Mr. Cooley then and there advised me to go and file a plea of "not guilty," whereupon I told the gentleman that I would do my own pleading, but I desired first to see the papers in the case. He said he could not go then and get them, and I asked him if I might go to his office and get the papers myself. I went to his office, and found the papers, and on the table with the file I found a declaration, but said declaration had never been marked filled, and had not in fact ever been filed in court. I then returned to the courthouse, and went into the grand jury room, and advised myself fully as to the rights of my client. I came out of the grand jury room,

and the circuit court had adjourned for the noon hour. I explained to the judge that I was tied up with the grand jury, and that I had a motion to make in this case, and I would appreciate it if he would notify me before he adjourned court, and give me this opportunity. Judge Hall told me he would be glad to do this. The grand jury resumed its labors at 1 o'clock, and the first opportunity I had I left the grand jury—I think it was about 2:30—and went into the courtroom, and there was no one in the courtroom. I went to the clerk's office and inquired where the judge was, and he told me he thought he was at the Pinehurst Hotel. I then called the judge and located him at the said hotel, and asked him if he had forgotten to notify me, as he had promised to do. He told me he had not adjourned court, and that he had not forgotten his promise to me, and that if I was at leisure he would come to the courthouse then and hear my motion in this case. There was no one in the courtroom, and the judge suggested that he would hear the matter in the clerk's office, which was downstairs and convenient. I told him it was perfectly all right, and I then and there made the motion that the cause be dismissed, for the reason that no declaration had been filled on or before the return term as required by our law. Before the court ruled on my motion, I showed him the declaration I had found on the table in Mr. Cooley's office with the other papers, and the court said he did not care to see it unless it had been filed. He then asked the clerk, Mr. Herrington, if it had been filed, and Mr. Herrington advised him that it had not. The court then said my motion was well taken, and that it should be sustained, and requested me to prepare my order, which I did."

Counsel for the appellant contends that it was error for the circuit judge to hear the motion to dismiss in his absence and without notice, in view of the fact that the case had been set for trial at a later day of the term; that he could have had the declaration filed by the clerk before any order of dismissal was taken, under the statute, had he

been given an opportunity to be present when the motion was heard; that the hearing of the motion and rendition of the judgment by the judge in the clerk's office, instead of the courtroom, is contrary to law. We shall notice but one of the contentions of the appellant which will result in a reversal, and that is that the court erred in hearing and acting upon the motion in the absence of the plaintiff and his counsel.

We think, from the open and candid statement of Mr. Wilson, counsel for defendant below, the court was in error in acting upon the motion without affording counsel for the plaintiff an opportunity to be heard. It seems that the case had been reset for a later day, and counsel for the plaintiff might reasonably presume that it would not be called on motion or otherwise before that date, unless he was given notice, so that he could appear at the hearing. He could have had the declaration filed at any time before any order of dismissal be taken" (section 4232, Code of 1906), if he had been notified of the hearing of the motion. Under these circumstances we are constrained to hold that the plaintiff and his counsel were entitled to be heard, or notified, in the proceeding to dismiss.

We think the proper practice in such a case is to give notice to opposing counsel when action is to be taken by the court, so that he may appear and be heard, or remedy the trouble urged against his case. The judgment of the lower court is reversed, and the case remanded

*Reversed and remanded.*